IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IAN J. CAMERON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 1:22-cv-01228-STA-jay |
| ACTING WARDEN VINCENT VANTELL, et al. | ) ) ) | |
| Respondents. | ) ) ) | |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, DIRECTING RESPONDENT TO FILE RELEVANT PORTIONS OF STATE COURT RECORD AND LIMITED RESPONSE TO AMENDED § 2254 PETITION, DISMISSING CERTAIN CLAIMS, CONSTRUING MOTION TO ENTER EVIDENCE AS SUPPLEMENT TO AMENDED § 2254 PETITION, AND DENYING PENDING MOTION FOR HEARING AND REQUEST FOR DISCOVERY AS PREMATURE**

On October 19, 2022, Petitioner Ian J. Cameron, Tennessee Department of Correction ("TDOC") prisoner number 348064, who is confined at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* Writ of Habeas Corpus Petition Under 28 U.S.C. § 2254. (ECF No. 1.)  The Court granted Petitioner leave to proceed *in forma pauperis* on November 7, 2022. (ECF No. 9.)  On preliminary review of Petitioner's initial § 2254 petition, the Court ordered Petitioner to file an amended petition using the district's official form. (ECF No. 16.)  The Court also denied Petitioner's pending motions, including motions for discovery, injunctive relief, and the appointment of counsel as premature. (*Id.*)

On March 22, 2023, Petitioner filed an amended § 2254 petition (ECF No. 18), which is before the Court on preliminary review.  *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").  Petitioner also filed a Motion for Hearing

and Memorandum of Law (ECF No. 17) on March 13, 2023, and a Motion to Enter Evidence (ECF No. 19) on March 22, 2023.

The Clerk is **DIRECTED** to modify the docket to record Respondent Warden as Jerry Wardlow and to terminate former Acting Warden Vincent Vantell as a party to this action.[1] *See* Fed. R. Civ. P. 25(d).  The Clerk is further **DIRECTED** to terminate Respondent TDOC Commissioner, who is not a proper party to this action.  *See* Habeas Rule 2(a) (providing that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]"); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official").

## THE AMENDED § 2254 PETITION

Petitioner alleges in his first ground for relief that he was granted parole but that his parole was later revoked after a corrections officer falsely accused him of assault on July 28, 2022. (ECF No. 18 at PageID 87.)  Petitioner claims that he did not receive notice of any disciplinary action following the alleged assault or of the related hearing where his probation was revoked. (*Id*.)

Petitioner states that he has exhausted his administrative remedies within the TDOC by appealing the disciplinary report.  (*Id*. at PageID 87, 103-04, 112-14.)  He states that he filed appeals in the circuit courts of Hardeman County, Tennessee, and Davidson County, Tennessee.

---

[1] Jerry Wardlow is now the Warden at the HCCF.  *See* Tennessee Department of Correction, Hardeman County Correctional Facility (last accessed Nov. 7, 2023).

2

(*Id*. at PageID 88.)   In Tennessee, however, "[t]he proper procedure for a prisoner seeking review of a disciplinary action of the [TDOC] is by petition for writ of certiorari" under Tennessee Code Annotated §§ 27-8-101, 102.   *Bishop v. Conley*, 894 S.W.2d 294, 296 (Tenn. Crim. App. 1994). It is not clear from the amended § 2254 petition that Petitioner has filed a writ of certiorari in Tennessee state court as required.[2]

In his second ground for relief, Petitioner alleges that the prison's failure to notify him of the pending disciplinary action and hearing violated the prison's policies and procedures and his constitutional right to due process.   (ECF No. 18 at PageID 88-89.)   He further alleges that he was denied assistance in challenging his disciplinary action and was denied access to the courts by being placed on "24/7 lockdown" and having no access to the prison law library.   (*Id*.)

Petitioner states that he exhausted his administrative remedies within the TDOC, but that he was prevented from pursuing his state court remedies because he was "on 24/7 lockdown" and could not access the prison library.   (*Id*. at PageID 89-90.)   The alleged restrictions on Petitioner's access to the prison law library, however, did not prevent him from accessing the courts.   The Tennessee Supreme Court's docket shows that Petitioner filed various petitions and motions from December 14, 2022, through March 17, 2023.   *See* Case No. M2022-01742-SC-

---

[2] A search of the Tennessee Administrative Office of the Courts website reveals that the Tennessee Supreme Court entered an order on January 3, 2023, denying Petitioner's motion to compel, in which he asked the Tennessee Supreme Court to require the circuit court for Dickson County to expedite its ruling on various proceedings related to an "illegal restraint of liberty," including a state post-conviction petition and a petition for writ of habeas corpus.   *See* Tennessee State Courts, Appellate Case Search, *Cameron v. State*, No. M2022-01742-SC-UNK-CO (Tenn. Jan. 3, 2023) (last accessed Nov. 9, 2023).   There are no other substantive orders on the Tennessee Supreme Court's docket and no orders related to any pending proceedings in the circuit courts for Hardeman or Davidson Counties.   *See id*.

UNK-CO.  In any event, it is unclear whether Petitioner filed a writ of certiorari as required by Tennessee law.  *See Bishop*, 894 S.W.2d at 296.

Petitioner alleges in his third claim that his classification was changed to "close custody" without notice or an opportunity to attend the hearing in violation of his right to due process. (ECF No. 18 at PageID 90.)  He claims that his new classification means that he is "on 24/7 lockdown."  (*Id.*)  Petitioner states that he was able to file a prison grievance but that "nothing has been done" to address his grievance.  (*Id.*)  He further claims that prison officials at the HCCF have "refused any and all types of appeal process" and have denied him access to the law library. (*Id.*)  As a result, he claims that he was prevented from exhausting both his administrative remedies and his state court remedies.  (*Id.*)  Even if Petitioner had exhausted his administrative and state court remedies on his third claim, "a prisoner does not have a constitutional right to be placed in a specific security classification."  *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005).  As such, Petitioner's third claim for relief is without merit and is **DISMISSED**.

## ORDER TO RESPOND

It is **ORDERED** pursuant to Habeas Rule 4, that Respondent Jerry Wardlow file a response/answer to the remaining claims in the amended § 2254 petition no later than 28 days from the entry of this Order.  The answer shall include the relevant portions of the state court record, organized and appropriately indexed, as required by Administrative Order 16-31.  *See* 28 U.S.C. § 2254(b)(1).[3]  The answer shall at a minimum, state whether each claim was exhausted, in whole

---

[3] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate.  *See* Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United

or in part, in state court and shall assert appropriate procedural defenses, if any, for each claim. When only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. When a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to Petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument.

It is **ORDERED** that the Clerk shall send a copy of the amended § 2254 petition (ECF No. 18) and this Order to Respondent and the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within 28 days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of the amended § 2254 petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

Petitioner's Motion for a Hearing (ECF No. 17) is **DENIED** without prejudice as premature given that Respondent has not answered and there is no factual dispute on the record currently. *See* Habeas Rule 8(a). Petitioner's request for discovery in his Motion for a Hearing is likewise **DENIED**. (ECF No. 17 at PageID 78.) Petitioner simply states that discovery is needed "in the interest of justice." (*Id*.) This is insufficient to show good cause for discovery as

---

States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf (last accessed Nov. 9, 2023).

required under Habeas Rule 6(b).   Finally, the Court **CONSTRUES** Petitioner's Motion to Enter Evidence (ECF No. 19) as a motion to supplement his amended § 2254 petition and **GRANTS** the motion.

    **IT IS SO ORDERED**.

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    UNITED STATES DISTRICT JUDGE

    Date: November 9, 2023