IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IAN J. CAMERON, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 1:22-cv-01228-STA-jay |
| JERRY WARDLOW | ) | |
| Respondent. | ) | |

**ORDER DIRECTING RESPONDENT TO SUPPLEMENT
STATE COURT RECORD & MOTION TO DISMISS**

On October 19, 2022, Petitioner Ian J. Cameron, Tennessee Department of Correction prisoner number 348064, who is confined at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a *pro se* 28 U.S.C. § 2254 petition. (ECF No. 1)  On preliminary review, the Court ordered Petitioner to file an amended petition using the district's official form. (ECF No. 16.)  Petitioner filed his amended § 2254 petition on March 22, 2023.  (ECF No. 18).

The Court dismissed Petitioner's claim challenging his security classification because "a prisoner does not have a constitutional right to be placed in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005).  The Court then ordered Respondent Warden Jerry Wardlow to file a response addressing the remaining claims in the amended § 2254 petition. (ECF No. 20 at PageID 167-68.)

On January 8, 2024, Respondent filed the state court record and a motion to dismiss. (ECF Nos. 25 & 26.)  Respondent argues that Petitioner's remaining claims are either unexhausted or procedurally barred and should be dismissed. (ECF No. 26-1 at PageID 261.)  For the reasons

that follow, the Court **ORDERS** Respondent to supplement the state court record with documents related to the proceedings in the Davidson County Circuit Court, Case No. 23-C-324, and to supplement the motion to dismiss.

Respondent argues that, with respect to Petitioner's claims challenging his prison disciplinary proceedings, he has not exhausted his state court remedies. (ECF No. 26-1 at PageID 262.) The common law writ of certiorari is the procedural vehicle through which Tennessee prisoners may petition for review of decisions by parole eligibility review boards, prison disciplinary boards, and similar administrative boards and tribunals. *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003). The deadline for filing a petition is 60 days from the entry of the order or judgment for which review is sought or, if a timely administrative appeal is pursued, within 60 days of entry of the final decision from the administrative appeal. Tenn. Code. Ann. § 27-9-102.

Petitioner filed a petition for writ of certiorari in the Davidson County Circuit Court on February 13, 2023. (ECF No. 25-4 at PageID 233-42.) The petition was still pending when Respondent filed the motion to dismiss. (*See* ECF No. 26-1 at PageID 262.) Accordingly, Respondent argued that Petitioner's claims related to the prison disciplinary proceedings should be dismissed without prejudice because Petitioner had not completed the three-tiered state court review process. (*Id.*)

The Davidson County Circuit Court has since dismissed the petition, and the case was closed on March 4, 2024. See Davidson County Circuit Court, Case Search, *Cameron v. Vantel*, No. 23-C-324 (last accessed Apr. 23, 2024). Therefore, the Court **ORDERS** Respondent to supplement the state court record with the complete proceedings from the Davidson County Circuit Court in Case No. 23-C-324 as well as the records of any other relevant pending state court

proceedings within 28 days of the entry of this Order.  The filing shall be organized and appropriately indexed, as required by Administrative Order 16-31.  Respondent is further **ORDERED** to supplement the motion to dismiss (ECF No. 26) and address the Davidson County Circuit Court's dismissal of the petition for writ of certiorari in Case No. 23-C-324 as well as any other relevant pending state court proceedings no later than 28 days from the entry of this order.

Petitioner shall have 28 days from the filing of Respondent's supplement to the motion to dismiss to file a response.  Petitioner may request an extension of time to respond if his motion is filed on or before the due date of his response.  The Court will address the merits of Respondent's motion to dismiss, as supplemented, after the expiration of Petitioner's time to respond, as extended.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 23, 2024