**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **IAN J. CAMERON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:22-cv-01228-STA-jay** |
| | ) | |
| **JERRY WARDLOW** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISIMISS
& SUPPLEMENTAL MOTION TO DISMISS, DISMISSING AMENDED § 2254
PETITION WITH PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL IS NOT TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the amended *pro se* 28 U.S.C. § 2254 petition of Petitioner Ian J. Cameron, Tennessee Department of Correction ("TDOC") prisoner number 348064, who is confined at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee. (ECF No. 18.)   Respondent Warden Jerry Wardlow filed a motion to dismiss on January 8, 2024. (ECF No. 26.)   Respondent argued that Petitioner's claims challenging his prison disciplinary proceedings were unexhausted because Petitioner's petition for writ of certiorari was still pending in the Davidson County Circuit Court.   (ECF No. 26-1 at PageID 262.)

While Respondent's motion was pending, the petition for writ of certiorari was dismissed, and the case was closed on March 4, 2024.   (*See* ECF No. 27 at PageID 293.)   The Court ordered Respondent to supplement the motion to dismiss to address the proceedings in the Davidson County Circuit Court.   (*Id*. at PageID 293-94.)

Respondent filed a supplemental motion to dismiss on June 4, 2024, along with the state court record for the proceedings from the Davidson County Circuit Court.   (ECF Nos. 30 & 31.) Petitioner did not file a response to the motion to dismiss or to the supplemental motion to dismiss, and the time to do so has expired.

For the reasons that follow, the motion to dismiss (ECF No. 26) and the supplemental motion to dismiss (ECF No. 31) are **GRANTED**, and the amended § 2254 petition is **DISMISSED WITH PREJUDICE**.

## I.   Background & Procedural History

Petitioner's habeas claims arise from an incident that occurred at the HCCF in 2022. (*See* ECF 18 at PageID 83.)   According to the incident report, on the evening of July 28, 2022, Petitioner exited his cell during "pill call" and "advanced towards" a corrections officer, demanding that the officer "take him to the parking lot so that he [could] go home."   (ECF No. 25-2 at PageID 187.)   Petitioner was given "multiple directives to step back into his pod," but he refused and "push[ed] [the corrections officer] out of his way with his hands."   (*Id*.)   The corrections officer, Julius Lasisi, charged Petitioner with "assault on staff without [a] weapon." (*Id*.)

TDOC records indicate that a disciplinary hearing was held on August 4, 2022.   (*Id*. at PageID 189-90.)   Petitioner was found guilty of the offense as changed.   (*Id*. at PageID 189.) Petitioner appealed this decision on September 6, 2022, and again on October 3, 2022.   (*Id*. at PageID 191-94.)   His internal appeals were denied, and his conviction was affirmed on October 19, 2022.   (*Id*. at PageID 192.)   Petitioner then filed a petition for writ of certiorari in the Davidson County Circuit Court on February 13, 2023.   (ECF No. 30-1 at PageID 302-13.)

2

Petitioner had been granted parole on July 28, 2022, the same day as his assault of the corrections officer.   (*See* ECF No. 25-1 at PageID 181.)   Petitioner received notice of the parole board's decision granting parole on August 17, 2022.   (*Id*.)   On September 29, 2022, the parole board notified Petitioner that because of his disciplinary infraction, a pre-parole recission hearing had been set for November 14, 2022, to determine whether a new parole hearing should be held. (*See id*. at PageID 182.)   Following the pre-parole recission hearing, Petitioner's parole was rescinded.   (*Id*. at PageID 184.)   Petitioner received notice of the decision on November 22, 2022.   (*Id*.)

On October 19, 2022, Petitioner filed his initial § 2254 petition.   (ECF No. 1.)   Following preliminary review, the Court ordered Petitioner to file an amended petition using the district's official form.   (ECF No. 16.)   Petitioner filed his amended § 2254 petition on March 22, 2023. (ECF No. 18).   He raises three grounds for relief.   (*Id*. at PageID 87-90.)   First, Petitioner alleges that the corrections officer falsely accused him of assault on July 28, 2022, resulting in the recission of his parole.   (ECF No. 18 at PageID 87.)   Second, he alleges that he did not receive notice of any disciplinary action following the alleged assault or of the related hearing where his parole was rescinded, in violation of the prison's policies and procedures and of his constitutional right to due process.   (ECF No. 18 at PageID 87-89.)

Petitioner alleges in his third claim that his classification was changed to "close custody" without notice or an opportunity to attend the hearing in violation of his right to due process. (ECF No. 18 at PageID 90.)   He claims that his new classification means that he is "on 24/7 lockdown."   (*Id*.)   Petitioner states that he was able to file a prison grievance but that "nothing has been done" to address his grievance.   (*Id*.)   He further claims that prison officials at the HCCF

have "refused any and all types of appeal process" and have denied him access to the law library. (*Id.*)  As a result, he claims that he was prevented from exhausting both his administrative remedies and his state court remedies.  (*Id.*)

Even if Petitioner had exhausted his administrative and state court remedies on his third claim, "a prisoner does not have a constitutional right to be placed in a specific security classification."  *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005).  As such, the Court dismissed Petitioner's third claim on the merits and directed Respondent to file a response to the remaining claims in the amended § 2254 petition.  (ECF No. 20 at PageID 167-68.)

On January 8, 2024, Respondent filed the state court record and a motion to dismiss. (ECF Nos. 25 & 26.)  Respondent argued that Petitioner's Claims 1 and 2 were either unexhausted or procedurally barred and should be dismissed.  (ECF No. 26-1 at PageID 261.)  Petitioner did not file a response.  Respondent later filed a supplemental motion to dismiss, arguing that Petitioner's claims are procedurally barred.  (ECF No. 31.)  Petitioner did not file a response.

## II.    <u>Legal Standards</u>

A federal court may not issue a writ of habeas corpus on behalf of a state prisoner "unless, with certain exceptions, the applicant has exhausted state remedies."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Under 28 U.S.C. § 2254(b) and (c), a petitioner seeking federal habeas relief must first present the claims in his petition to the state courts.  *See id.*  The petitioner must "fairly present" each claim to all levels of state court review.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

"Where a petitioner fails to submit a claim to the state courts, a district court must dismiss his petition so that he might go back to the state court and properly present the claims."  *Rayner*

*v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).   The exhaustion doctrine "preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings." *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 490 (1973).

The procedural default doctrine is ancillary to the exhaustion requirement.   *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (noting interplay between exhaustion rule and procedural default doctrine).   If a petitioner fails to properly exhaust a claim in state court and state law bars proper exhaustion, the petitioner has technically exhausted the claim through procedural default because "there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991) (quoting 28 U.S.C. § 2254(b)(1)(A)).

"As a general rule, claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error." *House v. Bell*, 547 U.S. 518, 536 (2006).   A petitioner establishes cause by "show[ing] that some objective factor external to the defense"—a factor that "cannot be fairly attributed to" the petitioner—"impeded counsel's efforts to comply with the State's procedural rule." *Davila v. Davis*, 582 U.S. 521, 528 (2017) (internal quotations marks and citation omitted).   "To establish actual prejudice, a petitioner must show not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to *his actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Garcia-Dorantes v. Warren*, 801 F.3d 584, 598 (6th Cir. 2015) (internal quotation marks and citation omitted).

A petitioner may avoid the procedural bar, and the necessity of showing cause and prejudice, by demonstrating "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.   This exception only applies in the

"extraordinary case" and requires a petitioner to establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 321 (1995) (internal quotation marks and citation omitted). A credible claim of actual innocence "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 324.

### III.   <u>Analysis</u>

Petitioner alleges that he did not receive notice of any disciplinary action following his alleged assault of the corrections officer or of the related hearing where his parole was rescinded, in violation of the prison's policies and procedures and his constitutional right to due process. (ECF No. 18 at PageID 87-89.) Respondent argues that Petitioner's claims concerning his disciplinary proceedings are unexhausted and procedurally barred. (ECF No. 31-1 at PageID 385.)

In Tennessee, "[t]he proper procedure for a prisoner seeking review of a disciplinary action of the [TDOC] is by petition for writ of certiorari." *Bishop v. Conley*, 894 S.W.2d 294, 296 (Tenn. Crim. App. 1994). The deadline for filing a petition for writ of certiorari is 60 days from the entry of the order or judgment for which review is sought or, if a timely administrative appeal is pursued, within 60 days of entry of the final decision from the administrative appeal. *See* Tenn. Code. Ann. § 27-9-102; *see also Hawkins v. Tenn. Dep't of Corr.,* 127 S.W.3d 749, 757 (Tenn. Ct. App. 2002).

On February 13, 2023, Petitioner filed a petition for writ of certiorari in the Davidson County Circuit Court, seeking judicial review of the disciplinary proceedings held at the HCCF.

(ECF No. 30-1 at PageID 302-13.)   Respondent moved to dismiss the petition because it was not verified under oath as required by Tennessee law and because it was untimely.   (*Id*. at PageID 363-65.)   Following a hearing, Petitioner voluntarily decided to withdraw his petition for writ of certiorari and dismiss the matter.   (*Id*. at PageID 377.)   The order dismissing the petition was signed on March 4, 2024.   (*Id*. at PageID 379.)

Respondent argues that Petitioner's § 2254 claims concerning his disciplinary proceedings should be dismissed because, although Petitioner filed a petition for writ of certiorari, he withdrew the petition and has not exhausted his state court remedies.   (ECF No. 31-1 at PageID 386.) Because Petitioner no longer has any available state court remedies, his claims are procedurally defaulted.   *See Coleman*, 501 U.S. at 732.

Petitioner alleges that the corrections officer falsely accused him of the assault that resulted in the recission of his parole.   (ECF No. 18 at PageID 87.)   To the extent that Petitioner's allegation could be construed as a claim of actual innocence, Petitioner has failed to satisfy his burden of showing that the exception to the procedural bar for such claims should apply. Petitioner has not supported his claim of actual innocence with "new reliable evidence" as required by *Schlup*.   *See* 513 U.S. at 324.   Petitioner attaches only a self-serving affidavit to his amended § 2254 petition, and he failed to file a response to Respondent's motion to dismiss and supplemental motion to dismiss.   (*See* ECF No. 18-1 at PageID 98-102.)   Accordingly, he has not shown that the exception to the procedural bar for claims of actual innocence should apply.

Petitioner no longer has an available state court remedy to properly exhaust his claims related to his disciplinary proceedings, and he has not shown a credible claim of actual innocence.

Therefore, his claims concerning his disciplinary proceedings are **DISMISSED WITH PREJUDICE** as procedurally defaulted.

With respect to Petitioner's claim that he did not receive notice of the hearing where his parole was rescinded, Respondent argues that Petitioner has never presented this claim in state court or in any internal administrative proceeding.   (ECF No. 26-1 at PageID 263-64; ECF No. 31-1 at PageID 387.)

The common law writ of certiorari is "the proper procedural vehicle through which prisoners may seek review of decisions by . . . parole eligibility boards." *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003).   The decision of whether to grant or deny parole to a prisoner is vested with the Board of Parole, not the courts. *Hopkins v. Tenn. Bd. of Paroles & Prob.*, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001).   Because actions of the Board are deemed "judicial" in nature and "not reviewable if done according to law," prisoners have only the limited right of review afforded by the common law writ of certiorari. *Stewart v. Schofield*, 368 S.W.3d 457, 465 (Tenn. 2012).

Before a prisoner may seek judicial review of an adverse decision by the Board, he must exhaust the internal appellate remedies provided by the Board. *See* Tenn. Code Ann. § 40-28-105(d)(11) (allowing a prisoner "whose parole has been revoked or rescinded, or who ha[s] been denied parole, or whose grant of parole has been rescinded" to request appellate review by the Board).   An inmate, like Petitioner, who has had his grant of parole rescinded, must submit a written request for appellate review to the Board "within forty-five (45) days from the date the inmate signed the decision notification." *See* Rules and Regulations of the Tennessee Board of Parole, Rule 1100-01-01-.08(4)(a) (last accessed Aug. 5, 2024).

Petitioner was notified of his right to appeal the Board's final parole decision and of the 45-day deadline in the letter informing him of the Board's decision to rescind his parole. (ECF No. 25-1 at PageID 184.)   Respondent asserts that the "[r]ecords collected from the State of Tennessee Board of Parole are void of any appeal request made on behalf of Petitioner." (ECF No. 31-1 at PageID 387.)   Thus, Petitioner has failed to exhaust his internal administrative remedies with the Board.

Petitioner also failed to exhaust his state court remedies.   His petition for writ of certiorari did not raise any claim concerning lack of notice of the hearing where his parole was rescinded. (*See* ECF 30-1 at PageID 302-13.)   Petitioner's allegations all related to the prison disciplinary proceedings.   (*See id*. at PageID 311-12.)   Even if Petitioner had raised his claim that he did not receive notice of the hearing where his parole was rescinded, the Court would still dismiss the claim because Petitioner voluntarily withdrew his petition for writ of certiorari, and therefore, he did not exhaust his state court remedies.   (*See* ECF No. 30-1 at PageID 377.)

Petitioner no longer has an available state court remedy to properly exhaust his claim that he did not receive notice of the hearing where his parole was rescinded.   The claim is **DISMISSED WITH PREJUDICE** as procedurally defaulted.

### IV.   <u>Appellate Issues</u>

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner.   Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.   A petitioner may not take an

appeal unless a circuit or district judge issues a COA.   28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.   28 U.S.C. § 2253(c)(2)-(3).   A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."   *Miller-El*, 537 U.S. at 336 (internal quotation marks and citation omitted).   If the petition was denied on procedural grounds, the petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss Petitioner's amended § 2254 petition as procedurally barred.   Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Additionally, Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.   However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.   *See* Fed. R. App. P. 24(a)(4)-(5).   In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in

good faith.  It is therefore **CERTIFIED**, pursuant to Rule 24(a) that any appeal in this matter

would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**.[1]

        **IT IS SO ORDERED**.


                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date: August 30, 2024.

---

[1] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order.   *See* Fed. R. App. P. 24(a)(5).